**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THEODORE C. PLOWDEN,**

    **Plaintiff,**

-vs-                                                          **Case No. 6:04-cv-1567-Orl-28KRS**

**EXACT PLUMBING, INC., JASON R.**
**TURNER,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on Plaintiff's Motion to Enforce Settlement, doc. no. 22, and Defendants' Response to Plaintiff's Motion to Enforce Settlement, doc. no. 23.

**I.  PROCEDURAL HISTORY.**

On October 25, 2004, Theodore Plowden filed a complaint against Exact Plumbing, Inc. (EPI) and Jason R. Turner, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, Chapter 448 of the Florida Statutes, and Florida common law. Doc. No. 1. Plowden alleged that EPI and Turner failed to pay him overtime compensation and that EPI failed to pay him regular wages while he was employed by EPI. Turner also sought liquidated damages, attorney's fees and costs. *Id*.

The case proceeded to discovery and on August 26, 2005, a Mediation Report was filed with the Court indicating that the matter had been completely settled. Doc. No. 20. Thereafter, the

presiding District Judge, the Honorable John Antoon II, entered an Order dismissing the case without prejudice "subject to the right of any party to re-open the action within sixty (60) days, upon good cause shown, or to submit a stipulated form of final order or judgment." Doc. No. 21.

The parties have yet to submit a stipulated form of final order or judgment. In addition, neither party has requested the Court to re-open this action.

On October 20, 2005, Plowden filed a "Motion to Enforce Settlement." Doc. No. 22. Plowden also submitted, for the first time, a copy of the settlement agreement he claims to have reached with the defendants. Doc. No. 22, ex. 2.[1]

Based on the procedural posture of this matter, I am compelled to question this Court's authority to exercise jurisdiction over the present dispute before proceeding to the merits.

## II.   STANDARD OF REVIEW.

It is well established that federal courts "exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the

---

[1] I note that the "settlement agreement" submitted by Plowden is not signed by the defendants or anyone acting on their behalf. It appears, however, that the parties did enter into a "Mediation Settlement Agreement" in this matter. Doc. No. 22, ex. 1.

court's decision will bind them." *Ruhgras AG. v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Subject matter jurisdiction implicates the court's authority to adjudicate a particular case and, as such, it may be challenged by either party, or by the court *sua sponte*, at any time while the action is pending. Fed. R. Civ. P. 12(h)(3); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.").

Federal district courts do not possess the "inherent authority" to enforce a private settlement agreement that results in the dismissal of a case pending before it. *Kokkonen*, 511 U.S. at 378. Simply put, "[i]n the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement." *Scelsa v. City Univ. of N.Y.*, 76 F.3d 37, 40 (2nd Cir. 1996). This is so because, "[e]nforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit . . . ." *Kokkonen*, 511 U.S. at 378.[2]

---

[2] When a federal district court retains jurisdiction to enforce a settlement agreement or incorporates the terms of such an agreement in its dismissal order, ancillary jurisdiction to enforce the terms of the agreement is said to exist. *Kokkonen*, 511 U.S. at 382.

**III.     ANALYSIS.**

The Supreme Court's mandate in *Kokkonen* controls the disposition of this matter. As previously discussed, this case was dismissed without prejudice pursuant to M.D. Fla. L.R. 3.08(b). Neither party has requested the Court to incorporate the terms of the "settlement agreement" at issue in this case in its dismissal order. Moreover, neither party has requested the Court to retain jurisdiction to enforce the terms of any such agreement. These omissions are fatal to this Court's authority to exercise jurisdiction over this matter as no independent basis for federal subject matter jurisdiction exists.

> As the Supreme Court noted in *Kokkonen*:
>
> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.
>
> . . . .
>
> Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen*, 511 U.S. at 381-82.

**IV. ORDER.**

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion to Enforce Settlement (Doc. No. 22) is **DENIED**.

DONE and ORDERED in Orlando, Florida on October 28, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties